Rich, Judge,
delivered the opinion of the court:
Appellant asks us to reverse the decision of the Patent Office Board of Appeals which affirms the final rejection of a single claim of his application serial No. 324,919, filed December 9, 1952, for Flexible Coupling. The only question is patentability over prior art.
The invention relates to means for flexibly coupling two lengths of rigid pipe, particularly heavy-duty pipe such as is used in dredging-operations. The objects of the invention are flexibility at the joint, ruggedness, and prevention of accidental detachment of the coupling-parts.
Appellant provides a rubber sleeve having a bore sized to fit over the ends of two adjacent pieces of pipe, the sleeve having an annular external flange at each end. The pipe ends are inserted in the sleeve, .past'the flanges, and.clamps are placed on the sleeve compressing it on *723 the pipe ends. They bear against the flanges in an endwise direction: Brackets are welded to the pipe near where the sleeve is located and they are connected to the. clamps by links, the clamps being provided with appropriate link-engaging brackets. The specification does not say how the links and brackets are connected, beyond stating that the links, áre removable, but the drawing shows the links as connected to the brackets at each end by pins held in place by cotter pins.- The clamps, which are split, áre compressed on the rubber sleeve by bolts.
The rejected claim rea'ds as follows:
13. Coupling means for flexible connecting two rigid cylindrical pipé lengths together,'comprising a sleeve of resilient material fitting over the longitudinal ends of said pipe lengths with substantial overlap thereof, first and second radially outwardly extending flange means integral with the respective ends, of said sleeve and forming a circumferential radially extending shoulder at each end of said sleeve, first and second circumferentially extending clamping means in direct axial-thrust sustaining relation with the shoulder of each said flange and radially inwardly binding said sleeve to the respective ends of said pipe lengths at each overlap with said pipe lengths, the shoulders of each said flange being of radial height substantially exceeding the effective radial thickness of said clamping means and anchoring means fixed to each pipe length and straddling the adjacent flange and positively connected to the clamping means adjacent thereto.
Only two references are relied on in this court:
Nieholls, 1,006,588, Oct. 24,1911
Cole, 2,428,652, Oct. 7,1947
The appealed rejection is that claim 13 is unpatentable over Cole in view of Nieholls.
Nieholls discloses a product of the gaslight era in the form of a rubber gas tube tip for connection to a gas stove (apparently a table-top variety), the relevant disclosure being of a rubber sleeve having an external annular flange at its outer end, the sleeve being shown as at the end of a hose, slipped over the nipple of the stove and secured thereto by a split metal, hose clamp tightened by a screw or bolt; It happens that in the drawing there is a small space between the clamp and the annular flange, i.e., they are not shown as in contact. The specification, however, states that the purpose of the flange is to adapt the rubber tip “to securely fit on the stove nipple 3 and prevent its slipping off when the gas supply tube 4 with which it is connected is bent either up or down.” Appellant argues that, because the'flange and the hose clamp are shown in the drawings as out of contact, “there is no relationship between the flange 2 and the constricting ring 5 and they just happen to be shown near together.” '■ The fact is Nieholls shows both the flange on the sleeve and a clamping ring but fails to disclose the idea of securing the clamping ring to the pipe and hence the *724 flange has, in Nicholls, no functional relationship to the clamp, whether they are spaced or in contact.
The Cole patent discloses a flexible rubber connection specifically for dredging pipe in which a rubber sleeve having external annular end flanges (hereinafter more particularly described) is connected to the ends of two sections of dredging pipe. However, instead of drawing the sleeve over the pipe ends, the pipe ends are provided with flush-mounted radial metal flanges to each of which is hinged a pair of semicircular gate-like clamping collars which engage the flanges of the sleeve and press its ends into engagement with the metal flanges. Slotted bolts and wedging keys hold the clamping parts together. Clearly there is here present the concept of anchoring means fixed to the metal pipe and positively connected to the clamping means which holds the rubber sleeve, employed by appellant. True, the clamp does not press the sleeve onto the outer surface of the pipe, because the sleeve does not surround it, but it does engage the annular shoulder of the sleeve and it is positively connected to the radial metal flanges which are welded to the pipes.
Now, the annular flanges of Cole are not of rectangular cross-section as are appellant’s (or Nicholls’) but are of triangular cross-section. In other words, the outer cylindrical surface of Cole’s sleeve flares at its ends and it is this flared end which is gripped by the gate-like semicircular clamping sleeves. Appellant makes much of this, arguing that in Cole “there is not radial flange and no radial shoulder.” We find this argument unpersuasive.' Claim 13 calls for “radially outwardly extending flange means” and this we think Cole has, as did the board. Clearly the flange extends radially outwardly. Said means is described in the claim as “forming a circumferential radially extending shoulder” with which the clamp is “in direct axial-thrust sustaining relation.” While appellant’s shoulder is in a plane at right angles to the sleeve’s longitudinal axis and Cole’s shoulder is sloping, appellant as much as admits — and could hardly deny — that there is a longitudinal thrust component in Cole’s structure which is exerted by the clamping means. The difference is a minor mechanical variation.
In any event, notwithstanding all of the minor structural differences from the terms of claim 13 which have been pointed out by appellant, we observe in Nicholls the precise shoulder-to-clamp relationship which appellant has. We think that if one wished to further anchor such a connection as Nicholls’ to make it more secure against pulling *725 off, it would be well within the skill of an ordinary mechanic to weld some lugs to the pipe and fasten them to the sleeve-clamping bands, particularly in the light of the teaching of Cole that the clamping means may be welded to the pipe. Viewed in another way and starting with the Cole concept of clamping means welded to the pipe, it would be an obvious expedient to use the more conventional radially contracted type of clamp and extend the pipe ends into the sleeve so as to underlie it. In this connection we note that the board approved of the examiner’s reliance, in addition to the references, on common knowledge that it is conventional to telescope pipe into flexible couplings as in the case of the radiator hose on an automobile. We would, if necessary, take judicial knowledge of such practice ourselves and include it with the cited patents as part of the prior art, but this is scarcely necessary as we have the specific disclosure in Nicholls.
Appellant presents considerable argument, but nothing in the way of evidence, that the Cole sleeve would slip out of its clamps when subjected to bumps on the outside, once it is wet, “like a rubber heel on a wet pavement.” The invention disclosed in a patent is presumed to be operative because the patent enjoys a statutory presumption of validity, 35 U.S.C. 282, and operativeness is a prerequisite to validity, 35 U.S.C. 101. An inoperative device lacks the utility which is required by statute. While this argument of appellant is imaginative it is wanting in a legal foundation. Even if appellant is right, it would be well within ordinary skill to reinforce Cole’s shoulder to make it so rigid it could not slip out.
Appellant has failed to convince us that there resides anywhere in the recitals of claim 13 a distinction which makes a patentable difference from the prior art because he has not persuaded us that such differences as do exist would have been unobvious to the ordinary worker in this art at the time the invention was made. 35 U.S.C. 103.
The decision of the board is therefore affirmed.